*E-Filed 10/16/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JESUS CHIPREZ, | No. C 13-2507 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| C. QUEZADA, et al., | |
| Defendants. / | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that defendants, correctional officers at Salinas Valley State Prison, were negligent in losing the property taken from him during his time in administrative segregation. Plaintiff's allegations do not contain sufficient factual matter to state claims under § 1983. Neither the negligent nor intentional deprivation of property states a claim under § 1983 if the deprivation was, as was alleged here, random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535–44 (1981). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895). Accordingly, the action is DISMISSED without prejudice to plaintiff bringing his claims in state court. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: October 15, 2013

RICHARD SEEBORG
United States District Judge